IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TINA HUNT, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | NO. 16 cv 10537 |
| vs. | ) | |
| | ) | JUDGE THARP |
| COOK COUNTY DEPUTY SHERIFF SUSANA | ) | |
| MARQUEZ, #10748; COOK COUNTY | ) | MAGISTRATE GILBERT |
| INVESTIGATOR JESSE LOPEZ, #6085; | ) | |
| COOK COUNTY DEPUTY SHERIFF KEVIN | ) | |
| JOY, #11336; COOK COUNTY SHERIFF | ) | JURY DEMAND |
| THOMAS DART; and COOK COUNTY, | ) | |
| | ) | |
| **Defendants.** | ) | |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES, TINA HUNT, by and through her attorney, JEFFREY J. NESLUND, LAW OFFICES OF JEFFREY J. NESLUND, and in complaining of the Defendants, COOK COUNTY DEPUTY SHERIFF SUSANA MARQUEZ, #10748; COOK COUNTY INVESTIGATOR JESSE LOPEZ, #6085; COOK COUNTY DEPUTY SHERIFF KEVIN JOY, #11336; COOK COUNTY SHERIFF THOMAS DART ("DART"); and COOK COUNTY ("COUNTY"), states as follows:

**INTRODUCTION**

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiffs' constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

1

3. Plaintiff, TINA HUNT, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

4. Defendants, COOK COUNTY DEPUTY SHERIFF SUSANA MARQUEZ, #10748; COOK COUNTY INVESTIGATOR JESSE LOPEZ, #6085; COOK COUNTY DEPUTY SHERIFF KEVIN JOY, #11336 were at all times material hereto, employed by the Cook County Sheriff's Department as Correctional Officers

5. Defendant COOK COUNTY is empowered and directed to pay any judgment for compensatory damages (and associated attorney's fees and costs) for which any Cook County Department of Corrections Officer acting within the scope of his/her employment is found liable.

6. Defendant Cook County Sheriff THOMAS DART ("DART") is, and at all times material to the events complained of in this complaint, the elected Sheriff of Cook County. In his official capacity as Sheriff of Cook County, DART is the most senior person responsible for the policies, procedures and operation of the Cook County Sheriff's Department, including individuals who are in the care and custody of the Sheriff's Department.

## FACTUAL SUMMARY

7. On November 13, 2014, the Plaintiff was in the Cook County criminal courthouse located at 2650 S. California in Chicago. As the Plaintiff was exiting an elevator on the third floor of the courthouse, DEFENDANT MARQUEZ was exiting a freight elevator with pre-trial detainees on their way to court.

8. As the Plaintiff was looking for the correct courtroom, DEFENDANT MARQUEZ ordered the Plaintiff out of the third floor hallway and into a stairwell.

9. Plaintiff complied with DEFENDANT MARQUEZ's order to step into the stairwell.

10. DEFENDANT MARQUEZ followed the Plaintiff into the stairwell and then ordered the Plaintiff to leave the courthouse.

11. Plaintiff HUNT agreed to leave the courthouse and walked down the stairs from the third floor and into the lobby of the courthouse followed by DEFENDANT MARQUEZ.

12. As the Plaintiff reached the glass doors to exit the courthouse, DEFENDANTS DEPUTY MARQUEZ and LOPEZ seized and detained the Plaintiff and placed her into handcuffs despite the fact she was not in violation of any laws.

13. The Plaintiff was subsequently taken to the Sheriff's detention room on the fifth floor of the courthouse by DEFENDANT MARQUEZ.

14. While shackled to a bench in a room on the fifth floor of the courthouse, the Plaintiff repeatedly told DEFENDANT MARQUEZ that she needed to use the bathroom.

15. DEFENDANT MARQUEZ refused Plaintiff's multiple requests to use the bathroom.

16. After DEFENDANT MARQUEZ refused Plaintiff's repeated requests to use the bathroom, the Plaintiff informed DEFENDANT MARQUEZ that she would end up going to the bathroom on the floor.

17. DEFENDANT JOY grabbed the Plaintiff and placed his O/C chemical spray directly up the nose of Plaintiff HUNT and discharged the O/C spray.

18. Blood immediately began to pour out of the Plaintiff's nose after DEFENDANT JOY discharged the O/C chemical spray directly up the nose of the Plaintiff.

19. The Plaintiff was subsequently transported to Stroger Hospital where she was treated for injuries caused by the DEFENDANT JOY.

## COUNT I
### 42 U.S.C. § 1983: Unlawful Detention and Seizure
### (Defendants Susana Marquez #10748 and Jesse Lopez #6085)

20. Plaintiff re-alleges and incorporates paragraphs 1-19 as fully stated herein.

21. As described above, DEFENDANT OFFICERS unlawfully detained and seized Plaintiff without justification and without probable cause.

22. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

23. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

## COUNT II
### Excessive Force
### (Defendants Kevin Joy #11336)

24. Plaintiff re-alleges and incorporates paragraphs 1-19 as fully stated herein.

25. The acts of DEFENDANT COOK COUNTY DEPUTY SHERIFF KEVIN JOY were a deliberate and malicious deprivation of the Plaintiff's constitutional rights against excessive force as guaranteed to the Plaintiff by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

26. As a result of the unreasonable and unjustifiable excessive force used by DEFENDANT COOK COUNTY DEPUTY SHERIFF KEVIN JOY, the Plaintiff suffered physical and emotional injuries and other damages in violation of 42 U.S.C. 1983.

## COUNT III
### Violation of Eighth Amendment Rights
### (Defendants Susana Marquez, #10748 and Kevin Joy #11336)

27. Plaintiff re-alleges and incorporates paragraphs 1-19 as fully stated herein.

28. Defendants COOK COUNTY DEPUTY SHERIFF SUSANA MARQUEZ, #10748; COOK COUNTY INVESTIGATOR JESSE LOPEZ, #6085; COOK COUNTY DEPUTY SHERIFF KEVIN JOY, #11336 intended and caused the Plaintiff to suffer great physical and emotional harm.

29. The actions of the Defendants COOK COUNTY DEPUTY SHERIFF SUSANA MARQUEZ, #10748; COOK COUNTY INVESTIGATOR JESSE LOPEZ, #6085; COOK COUNTY DEPUTY SHERIFF KEVIN JOY, #11336 resulted in a deliberate and malicious deprivation of Plaintiff's Constitutional rights as guaranteed to the Plaintiff by the Eighth Amendment to the Constitution, as made applicable to the states by the Fourteenth Amendment.

WHEREFORE, Plaintiff asks judgment against Defendants COOK COUNTY DEPUTY SHERIFF SUSANA MARQUEZ, #10748; COOK COUNTY INVESTIGATOR JESSE LOPEZ, #6085; COOK COUNTY DEPUTY SHERIFF KEVIN JOY, #11336 in a sum sufficient to compensate them for the wrongful deprivation of his Civil Rights, and for punitive and exemplary damages, plus costs and reasonable attorney's fees.

### COUNT IV
### Monell Claim

30. Plaintiff re-alleges and incorporates paragraphs 1-19 above as fully stated herein.

31. The DEFENDANT COUNTY has established certain *de facto* policies, practices, and/or customs which were adopted and promulgated through the actions and inactions of DEFENDANT DART and senior and intermediate supervising officers within the Cook County Sheriff's Department, and were thereby ratified by the DEFENDANT COUNTY.

32. At the time of this occurrence and prior thereto, there existed within the Cook County Sheriff's Department *de facto* policies, practices and/or customs which result in the failure or refusal

5

to properly and legitimately investigate the use of excessive force by Cook County Sheriff Deputies against civilians.

33. The COUNTY has a *de facto* policy, practice and/or custom of concealing and/or suppressing evidence of officer misconduct, otherwise known as a "code of silence," which is pervasive within the Sheriff's Department. This code is manifest as a universal practice among sworn members of the Department and is an express or implicit understanding and agreement of Cook County Sheriff's and Correctional Officers which results in a refusal or failure to:

(a) Intervene to prevent or stop the unnecessary and often gratuitous abuse of people in custody through the use of excessive force;

(b) Report or testify against fellow officers regarding instances of misconduct of which they are aware, including the use of unlawful force, despite their obligation to do so as sworn peace officers;

(c) Preserve evidence, including video evidence from the lobby of the courthouse; and

(d) Properly investigate allegations of misconduct.

34. This *de facto* policy applies to Cook County Deputies who remain silent or give false or misleading information during official investigations and sworn testimony in criminal cases and in related civil litigation involving allegations of misconduct against a fellow officer, in order to protect themselves or their fellow officers from discipline, criminal prosecution, or to shield them from civil liability.

35. Individually and collectively, the above described *de facto* policies, practices and/or customs of the COUNTY proximately result in the pervasive culture and widespread attitude among members of the Sheriff's Department, including the DEFENDANTS, that they may engage in misconduct against the citizenry with impunity and without fear of official consequence.

36. These widespread unconstitutional practices are well known to the Defendant Sheriff and Cook County. In May of 2010 the Department of Justice ("DOJ") filed suit against Defendant Cook County and Defendant Dart under the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997(a). Captioned <u>United States v. Cook County</u>, 10 C 2946, the DOJ sought injunctive relief for a number of widespread policies and practices within the jail including constitutional violations regarding excessive force by correctional officers.

37. Despite a Federal Agreed Order entered into between the DOJ and Cook County in 10 C 2946 to address constitutional violations identified in the DOJ complaint, the *defacto* policies and practices outlined above continue to exist. For example:

(a) On August 14, 2013 inmate Michael Jackson was punched in the face by Correctional Officer Lt. Young, #209. Mr. Jackson suffered a broken jaw and had surgery at Stroger Hospital. Despite a timely grievance, Lt. Young was never disciplined;

(b) In 2013, Randall Brown was severely beaten by Correctional Officer Brandon Norise. Mr. Brown was repeated punched and kicked in the fact by Deputy Norise while on the ground;

(c) On January 17, 2014, detainee Litroy Bolton was beaten by Correctional Officer Miguel Ortiz, a 20 year veteran of the Sheriff's office, who has at least 15 accusations of excessive force on his record; and

(d) On April 15, 2016, Defendant Cook County Sheriff Dart released six videos showing deputies using excessive force on detainees.

38. The failure and refusal by the DEFENDANT COUNTY through DART and the Sheriff's Department, to properly and legitimately investigate the use of excessive force by Cook

County Sheriff's Deputies, including DEFENDANT JOY, signals a tolerance by the COUNTY and DART of the improper use of excessive force and encourages a code of silence and deliberate indifference by the COUNTY to such conduct.

39. The acts and omissions of the defendant COOK COUNTY, through the *de facto* policies, practices and/or customs implemented by DART through the Cook County Sheriff's Department, were a deliberate and malicious deprivation of Plaintiff TINA HUNT'S Constitutional rights as guaranteed to the plaintiff by the Fourth Amendment to the Constitution, and made applicable to the states by the Fourteenth Amendment.

40. The aforementioned *de facto* policies, practices and/or customs of the COUNTY, individually and collectively, have been maintained and/or implemented with utter indifference by the COUNTY and DEFENDANT DART which has encouraged and/or motivated the DEFENDANTS to commit the aforesaid wrongful facts against TINA HUNT and, therefore, *de facto* policies, practices and/or customs of the COUNTY are a direct and proximate cause of the injuries sustained by TINA HUNT.

### REQUEST FOR RELIEF

41. Plaintiff, TINA HUNT, respectfully requests that the Court:

   a. Enter judgment in her favor and against DEFENDANTS COOK COUNTY DEPUTY SHERIFF SUSANA MARQUEZ, #10748; COOK COUNTY INVESTIGATOR JESSE LOPEZ, #6085; COOK COUNTY DEPUTY SHERIFF KEVIN JOY, #11336; COOK COUNTY SHERIFF THOMAS DART; and COOK COUNTY;

   b. Award compensatory damages against DEFENDANTS COOK COUNTY DEPUTY SHERIFF SUSANA MARQUEZ, #10748; COOK COUNTY INVESTIGATOR JESSE LOPEZ, #6085; COOK COUNTY DEPUTY SHERIFF KEVIN JOY, #11336; COOK COUNTY SHERIFF THOMAS

          DART; and COOK COUNTY;

c.     Award attorneys' fees against DEFENDANTS COOK COUNTY DEPUTY SHERIFF SUSANA MARQUEZ, #10748; COOK COUNTY INVESTIGATOR JESSE LOPEZ, #6085; COOK COUNTY DEPUTY SHERIFF KEVIN JOY, #11336; COOK COUNTY SHERIFF THOMAS DART; and COOK COUNTY;

d.     Award punitive damages against DEFENDANTS COOK COUNTY DEPUTY SHERIFF SUSANA MARQUEZ, #10748; COOK COUNTY INVESTIGATOR JESSE LOPEZ, #6085; COOK COUNTY DEPUTY SHERIFF KEVIN JOY, #11336; COOK COUNTY SHERIFF THOMAS DART; and COOK COUNTY in their individual capacities; and

e.     Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, TINA HUNT, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

                                  Respectfully submitted,

                                  /s/ Jeffrey J. Neslund
                                  JEFFREY J. NESLUND
                                  Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100